# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERRY MARTORANO,**

        Plaintiff,

    -vs-                                         **Case No. 08-C-152**

**TOWN OF LISBON BOARD and
GAETANO ALIOTO,,**

        Defendants.

## DECISION AND ORDER

The plaintiff, Terry Martorano ("Martorano"), filed the instant action in Waukesha County Circuit Court. One of the defendants, Gaetano Alioto ("Alioto"), removed the action to this Court, and the other defendant, Town of Lisbon Board ("Town of Lisbon"), joined in the removal. After removal, the Town of Lisbon filed a motion to dismiss. Instead of responding to the motion to dismiss, Martorano filed a timely motion for remand. The Court stayed briefing on the motion to dismiss for consideration of the motion for remand. Neither defendant filed a timely response to Martorano's motion for remand.

An action can be removed if the federal courts have "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim" and may thus "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. Where state law creates the plaintiff's cause of action, there is no federal question jurisdiction unless "some substantial, disputed question of federal law is a necessary element . . . of the well-pleaded state claim" or the "claim is 'really' one of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1987).

In the notice of removal, Alioto alleges that this case is a civil action "based primarily upon the plaintiff's contention that the defendant Alioto violated his constitutional rights by depriving him of certain alleged occupational interests with the Town of Lisbon . . ." (D. 1, ¶ 4). Martorano's actual claims are for tortious interference with contract and defamation against Alioto, and for defamation and breach of contract against the Town of Lisbon. These are state law claims that do not present any sort of federal question. Tellingly, the Town of Lisbon's motion to dismiss makes no mention of federal law. Therefore, Martorano's motion for remand will be granted.

28 U.S.C. § 1447(c) allows the Court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney's fees may be awarded under § 1447(c) only when the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The well-pleaded complaint rule is well-established, and it is apparent from the face of the complaint that no federal question is presented by Martorano's complaint. The defendants'

complete failure to respond to the motion for remand further suggests that the removal was objectively unreasonable. The Court finds that an award of costs and fees is appropriate under § 1447(c).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Martorano's motion for remand [D. 12] is **GRANTED**; and

2. The defendants **SHALL** pay Martorano's costs and actual expenses, including attorney's fees, incurred as a result of the removal.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**